UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH ALEXANDER, | |
| Plaintiff, | |
| v. | CASE NO. 1:26-CV-40-HAB-ALT |
| DAWN HILL-KEARSE, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Pro se Plaintiff Joseph Alexander ("Alexander") filed a complaint and seeks leave to proceed in forma pauperis. (ECF 1, 2). Alexander, who listed his address as being in Washington, alleges Defendants Dawn Hill-Kearse ("Hill-Kearse") and Sergio Jimenez ("Jimenez") "conspired together and intentionally delayed the calendar of motions, in violation of due process." (ECF 1). His complaint does not specify what motions were delayed, which proceedings those motions were filed in, or how Hill-Kearse and Jimenez delayed them. But the Court need not look far to identify this filing. Alexander has peppered federal courts across the country in the past month with the same or a similar devoid-of-fact complaint.[1]

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this appeal] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335

---

[1] *See, e.g., JOSEPH ALEXANDER, Plaintiff, v. DAWN HILL-KEARSE & SERGIO JIMENEZ, Defendants.*, No. 5:26-CV-35 (CAR), 2026 WL 474864, at *1 (M.D. Ga. Feb. 19, 2026); *Alexander v. Hill-Kearse*, No. 1:26CV00022, 2026 WL 353616, at *1 (W.D. Va. Feb. 9, 2026); *Alexander v. Hill-Kearse*, No. 3:26CV00050-ART-CLB, 2026 WL 416055, at *1 (D. Nev. Feb. 13, 2026); *Alexander v. Hill-Kearse*, No. 26-CV-0040-CVE-JFJ, 2026 WL 208625, at *2 (N.D. Okla. Jan. 27, 2026).

U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . ..'' 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Alexander's financial affidavit states he both makes and spends $1,000 per month and has only $55 in his bank accounts. (ECF 2). This would mean he financially qualifies to proceed in forma pauperis. But that is of no moment here because reviewing Alexander's allegations liberally, his complaint must be dismissed. As nearly all other courts have indicated, he has invoked no basis for this Court's jurisdiction, and he has provided no factual basis to support his legal claim. He just makes the naked assertion of a legal claim. (ECF 1). That is not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a complaint must contain "enough facts to state a claim to relief that is plausible on its face"). And nothing in the complaint establishes that either Hill-Kearse or Jimenez are subject to personal jurisdiction in Indiana. No facts suggest either defendant is from the state and no events have been described that occurred in the state.

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

Given these glaring deficiencies and Alexander's track record of spray-and-pray complaint filing across the country over the past month, the Court finds the complaint meritless and frivolous. Amendment would thus be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

For these reasons, the Court:

(1) DISMISSES this case WITH PREJUDICE; and

(2) DENIES AS MOOT Alexander's Motion to Proceed in Forma Pauperis (ECF 2).

**SO ORDERED** on February 25, 2026.

*s/ Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT